## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AIMPOINT RE SA,

      **Plaintiff,**

 v.

GCD & ASSOCIATES, LLC,
ERRETT ALONZO GUNN, and
PNC BANK, NATIONAL
ASSOCIATION,

     **Defendants.**

**1:17-cv-1817-WSD**

## OPINION AND ORDER

On May 19, 2017, Plaintiff Aimpoint Re SA ("Plaintiff") filed its

Complaint [1].

The Complaint asserts that the Court has diversity jurisdiction pursuant to

28 U.S.C. § 1332.  (Compl. ¶ 6).  Federal courts "have an independent obligation

to determine whether subject-matter jurisdiction exists, even in the absence of a

challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).

The Eleventh Circuit consistently has held that "a court should inquire into

whether it has subject matter jurisdiction at the earliest possible stage in the

proceedings.  Indeed, it is well settled that a federal court is obligated to inquire

into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of

S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, the Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

Plaintiff's Complaint does not adequately allege diversity jurisdiction because it fails to identify the citizenship of any party in this case.  The Complaint asserts that "Plaintiff Aimpoint Re SA is a foreign corporation organized and existing pursuant to the laws of the country of Uruguay, doing business in this District, with an office located at Rincon 487, office 217, Montivideo, Uruguay."  (Compl. ¶ 2).  This is insufficient because, "[f]or diversity purposes, a foreign

corporation is deemed to be a citizen or subject of the country where it is chartered *and* of the state where it has its principal place of business." Hatton v. Chrysler Canada, Inc., No. 2:12-cv-186, 2013 WL 12157854, at *3 (M.D. Fla. Jan. 2, 2013) (emphasis added); see 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). The Complaint fails to identify the state or foreign state in which Plaintiff has its principal place of business.

The Complaint asserts that "Defendant GCD & Associates, LLC . . . is a limited liability Company organized and existing pursuant to the laws of the State of Georgia." (Compl. ¶ 3). This is insufficient because a limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." Id.

The Complaint alleges that "Defendant Errett Alonzo Gunn is a natural person over the age of eighteen and otherwise suis juris residing in this District and

may be served at his residence located [in Atlanta, Georgia]." (Compl. ¶ 4). This is insufficient because "[r]esidence alone is not enough" to establish citizenship. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Complaint alleges that "Defendant PNC Bank, National Association is a corporation residing and doing business in this district and may be served at their registered offices of 5000 First Avenue, Pittsburgh, PA 15219." (Compl. ¶ 5). This is insufficient because, for the purposes of diversity jurisdiction, national banks are generally deemed citizens of "the State designated in [the bank's] articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006); see 28 U.S.C. § 1348. Plaintiff does not clearly identify "the State designated in [PNC Bank's] articles of association as its main office." Wachovia Bank, 546 U.S. at 318.[1]

---

[1] Plaintiff, confusingly, refers to PNC Bank as a "corporation." To the extent PNC Bank is a corporation, and not a national banking association, Plaintiff is required to allege its state of incorporation and its principal place of business. See 28 U.S.C. § 1332(c)(1).

Plaintiff's Complaint also fails to comply with the Local Rules because (1) it is not "double-spaced between lines," (2) the pages are not "numbered consecutively at the bottom center of the page," and (3) the Complaint does not include counsel's "telephone number, facsimile number and Georgia Bar number." LR 5.1(C)(2), (E), (G), NDGa.  Plaintiff is required to file an amended complaint that complies with the Local Rules and that properly alleges the parties' citizenship.  Failure to do so will result in dismissal.  See Travaglio, 735 F.3d at 1268-69 (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction); LR 41.3(A)(2), NDGa (permitting the court to "dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case").

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before June 8, 2017, an amended complaint that complies with the Local Rules and that properly alleges the citizenship of the parties in this case.  Failure to do so will result in dismissal of this action.

**SO ORDERED** this 25th day of May, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE